TODD KIM, Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division
S. JAY GOVINDAN, Section Chief
NICOLE M. SMITH, Assistant Section Chief
JOSEPH W. CRUSHAM, Trial Attorney (CA Bar No. 324764)
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044-7611
Phone: (202) 307-1145
Email: joseph.crusham@usdoj.gov
*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON DIVISION

| | |
|---|---|
| Center for Biological Diversity, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 4:23-cv-00113-JCH<br>) |
| U.S. Fish and Wildlife Service; Martha Williams, in her official capacity as Director of the U.S. Fish and Wildlife Service; and Debra Haaland, in her official capacity as Secretary of the U.S. Department of the Interior, | ) **STIPULATED SETTLEMENT**<br>) **AGREEMENT**<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

1

This Stipulated Settlement Agreement ("Agreement") is entered into by and between the Center for Biological Diversity ("Plaintiff") and the United States Fish and Wildlife Service ("FWS"), Martha Williams, in her official capacity as Director of the FWS, and Debra Haaland, in her official capacity as Secretary of the Department of Interior (collectively, "Federal Defendants" and, with Plaintiff, "the Parties"), who, by and through their undersigned counsel, state as follows:

WHEREAS, the Endangered Species Act ("ESA") provides that, to the maximum extent practicable, within 90 days of receiving a listing petition, the Secretary shall make a finding as to whether the petition presents substantial scientific or commercial information indicating that the petitioned action may be warranted, 16 U.S.C. § 1533(b)(3)(A) ("90-day finding");

WHEREAS, the ESA provides that within 12 months after receiving a petition that is found to present substantial information indicating the petitioned action may be warranted, the Secretary shall make a finding as to whether the petitioned action is not warranted, warranted but precluded, or warranted, 16 U.S.C. § 1533(b)(3)(B) ("12-month finding");

WHEREAS, the ESA provides that within one year of determining that listing a species is warranted and publishing a proposed rule listing a species, the Secretary shall publish in the Federal Register a final regulation implementing that determination or withdrawing the proposed rule, 16 U.S.C. § 1533(b)(6) ("final listing determination");

WHEREAS, the ESA provides that, to the maximum extent practicable, the

Secretary shall designate critical habitat for a species concurrent with a final listing determination that a species is endangered or threatened, unless the Secretary determines that designation of critical habitat "would not be prudent," or otherwise that critical habitat is "not determinable" at the time of a final listing determination that a species is endangered or threatened, in which case the Secretary may designate critical habitat within one year of such final listing determination, 16 U.S.C. § 1533(a)(3)(A), § 1533(b)(6)(C)(ii);

WHEREAS, under 16 U.S.C. § 1533(b)(7) and 50 C.F.R. § 424.20, FWS has the discretion to issue temporary listings in response to situations FWS determines to be emergencies posing a significant risk to the well-being of any species;

WHEREAS, on March 7, 2023, Plaintiff filed a Complaint in the above-captioned case, Dkt. 1, to compel FWS to complete certain actions under the ESA by dates certain for twelve species: final listing determinations for alligator snapping turtle (*Macrochelys temminckii*), Suwannee alligator snapping turtle (*Macrochelys suwanniensis*), Pearl River map turtle (*Graptemys pearlensis*), Wright's marsh thistle (*Cirsium wrightii*), bracted twistflower (*Streptanthus bracteatus*), round hickorynut (*Obovaria subrotunda*), Big Creek crayfish (*Faxonius peruncus*), St. Francis River crayfish (*Faxonius quadruncus*); a 90-day finding for least chub (*Iotichthys phlegethontis*); a 12-month finding for Fish Lake Valley tui chub (*Siphateles bicolor ssp. 4*); finalization of critical habitat designation for slickspot peppergrass (*Lepidium papilliferum*); and designation of critical habitat for Barrens topminnow (*Fundulus julisia*);

3

WHEREAS, FWS has since taken actions with respect to seven of these species: round hickorynut, 88 Fed. Reg. 14,794 (March 9, 2023); bracted twistflower, 88 Fed. Reg. 21,844 (April 11, 2023); Wright's marsh thistle, 88 Fed. Reg. 25,208 (April 23, 2023); Big Creek and St. Francis River Crayfish, 88 Fed. Reg. 25,512 (April 27, 2023); slickspot peppergrass, 88 Fed. Reg. 28,874 (May 4, 2023); and least chub, 88 Fed. Reg. 55,991 (August 17, 2023);

WHEREAS, as a result of these post-Complaint actions taken by FWS, the Parties agree that the claims in the Complaint as to these seven species are moot, and that Plaintiff's only live claims relate to five species: Barrens topminnow, Suwannee alligator snapping turtle, alligator snapping turtle, Pearl River map turtle, and Fish Lake Valley tui chub;

WHEREAS, the Parties, through their authorized representatives, and without any final adjudication of the issues of fact or law with respect to Plaintiff's claims, have negotiated a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint;

WHEREAS, the Parties agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve Plaintiff's Complaint;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1. On or before June 20, 2024, FWS will submit to the Office of the Federal Register a final listing determination for the Suwannee alligator snapping turtle, pursuant to the ESA, 16 U.S.C. § 1533(b)(6).

2. On or before June 27, 2024, FWS will submit to the Office of the Federal Register a proposed rule designating critical habitat for the Barrens topminnow, pursuant to the ESA, 16 U.S.C. § 1533(a)(3)(A).

3. On or before July 11, 2024, FWS will submit to the Office of the Federal Register a final listing determination for the Pearl River map turtle, pursuant to the ESA, 16 U.S.C. § 1533(b)(6).

4. On or before December 15, 2024, FWS will submit to the Office of the Federal Register a final listing determination for the alligator snapping turtle pursuant to the ESA, 16 U.S.C. § 1533(b)(6).

5. On or before May 17, 2025, FWS will submit to the Office of the Federal Register a 12-month finding as to whether the listing of the Fish Lake Valley tui chub as threatened or endangered is (a) not warranted; (b) warranted; or (c) warranted but precluded by other pending proposals, pursuant to the ESA, 16 U.S.C. § 1533(b)(3)(B).

6. The Order entering this Agreement may be modified by the Court upon good cause shown, consistent with the Federal Rules of Civil Procedure, by written stipulation between the Parties filed with and approved by the Court, or upon written motion filed by one of the Parties and granted by the Court. In the event that either party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraphs 1 through 5, or in the event of a dispute arising out of or relating to this Agreement, or in the event that either party believes that the other party has failed to comply with any term or condition of this Agreement, the party seeking the modification, raising the dispute, or seeking

enforcement shall provide the other party with notice of the claim or modification. The Parties agree that they will meet and confer (either telephonically or in person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court. If the Parties are unable to resolve the claim themselves, either party may seek relief from the Court.

7. In the event that FWS fails to meet the deadlines specified in Paragraphs 1 through 5 and has not sought to modify them, Plaintiff's first remedy shall be a motion to enforce the terms of this Agreement, after following the dispute resolution procedures described above. This Agreement shall not, in the first instance, be enforceable through a proceeding for contempt of court.

8. Plaintiff reserves the right to request attorneys' fees and costs from Federal Defendants pursuant to Section 11(g) of the ESA, 16 U.S.C. § 1540(g), and Federal Defendants reserve their right to contest Plaintiff's entitlement to recover fees and the amount of any such fees and do not waive any objection or defense that they may have to any fees and costs that Plaintiff requests. The Parties agree to the following schedule for addressing attorneys' fees and costs:

    a. Within ninety (90) days of the entry of the order by this Court approving this Agreement, the Parties will notify the Court whether they have reached a settlement as to the payment of Plaintiff's attorneys' fees and costs by Federal Defendants.

    b. If the Parties have not reached agreement on attorneys' fees and costs at the

time that they provide this notice to the Court, Plaintiff may move within thirty (30) days of that date for the Court to award attorneys' fees and costs. Briefing and adjudication of Plaintiff's motion for attorneys' fees and costs and Federal Defendants' opposition thereto will then proceed as provided in Local Civ. R. 7.2. In the event that Plaintiff files such a motion, Federal Defendants reserve the right to contest entitlement to and/or the reasonableness of the amount of Plaintiff's claims to attorneys' fees and costs, including the hourly rates and number of hours billed.

9. This Agreement requires only that Federal Defendants take the actions specified in Paragraphs 1 through 5. No provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Federal Defendants take action in contravention of the ESA, the Administrative Procedure Act ("APA"), or any other law or regulation, either substantive or procedural. Nothing in this Agreement shall be construed to limit or modify the discretion accorded to Federal Defendants by the ESA, APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any determinations made pursuant to Paragraph 1 through Paragraph 5 of the Agreement. To challenge any determinations issued pursuant to Paragraph 1 through Paragraph 5, Plaintiff must file a separate action. Federal Defendants reserve the right to raise any applicable claims or defenses to such challenges.

10. No part of this Agreement shall have precedential value in any litigation or in

representations before any court or forum or in any public setting.

11. Nothing in this Agreement shall be construed or offered as evidence in any proceeding as an admission or concession of any wrongdoing, liability, or any issue of fact or law concerning the claims settled under this Agreement or any similar claims brought in the future by any other party. Except as expressly provided in this Agreement, none of the Parties waive or relinquish any legal rights, claims, or defenses they may have. This Agreement is executed for the purpose of settling Plaintiff's Complaint, and nothing herein shall be construed as precedent having preclusive effect in any other context.

12. Nothing in this Agreement shall be interpreted as, or shall constitute, a requirement that Federal Defendants are obligated to pay any funds exceeding those available or take any action in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable appropriations law or regulation.

13. The Parties agree that this Agreement was negotiated in good faith and that it constitutes a settlement of claims that were disputed by the Parties. By entering into this Agreement, none of the Parties waive any legal rights, claims, or defenses except as expressly stated herein. This Agreement contains all of the terms of agreement between the Parties concerning the Complaint and is intended to be the final and sole agreement between the Parties with respect thereto. The Parties agree that any prior or contemporaneous representations or understanding not explicitly contained in this written Agreement, whether written or oral, are of no further legal or equitable force or effect.

14. The undersigned representatives of each party certify that they are fully authorized

by the party or parties they represent to agree to the terms and conditions of this Agreement and do hereby agree to the terms herein. Further, each party, by and through its undersigned representative, represents and warrants that it has the legal power and authority to enter into this Agreement and bind itself to the terms and conditions contained in this Agreement.

15. The terms of this Agreement shall become effective upon entry of an Order by the Court ratifying this Agreement.

16. Upon adoption of this Agreement by the Court, all counts of Plaintiff's Complaint and all claims asserted therein shall be dismissed with prejudice. Notwithstanding the dismissal of this action, however, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee any motion for attorneys' fees and costs, compliance with the terms of this Agreement, and to resolve any motions to modify such terms, until Federal Defendants satisfy their obligations under this Agreement. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994).

Dated: April 25, 2024

                                              Respectfully Submitted,

                                              TODD KIM,
                                              Assistant Attorney General
                                              S. JAY GOVINDAN, Section Chief
                                              NICOLE M. SMITH, Assistant Section Chief

                                              */s/ Joseph W. Crusham*
                                              Joseph W. Crusham, Trial Attorney
                                              CA Bar No. 324764

United States Department of Justice
Environment & Natural Resources Division
Wildlife & Marine Resources Section
P.O. Box 7611, Ben Franklin Station
Washington, D.C. 20044-7611
Telephone: (202) 307-1145
Email: joseph.crusham@usdoj.gov

*Attorneys for Defendants*


 /s/ Camila Cossio
Camila Cossio
OR Bar No. 191504
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211
Phone: 971-717-6427
Email: ccossio@biologicaldiversity.org

*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 25, 2024, I filed the foregoing Stipulated Settlement Agreement electronically through the CM/ECF system, which caused all parties or counsel of record to be served by electronic means, as reflected on the Notice of Electronic Filing.

                                                  */s/ Joseph W. Crusham*
                                                  Joseph W. Crusham
                                                  U.S. Department of Justice